IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FELITA THOMAS, *Administrator of the Estate of Matthew Thomas, Deceased*, Plaintiff, | |
| v. | Civil Action No. 3:24CV486 (RCY) |
| PAMUNKEY REGIONAL JAIL AUTHORITY, *et al.*, Defendants. | |

**MEMORANDUM OPINION**

The matter is before the Court on Plaintiff Felita Thomas's Motion for Rule 37(e) Curative Measures and Sanctions, filed in response to Defendant Pamunkey Regional Jail Authority's failure to preserve certain surveillance footage related to this litigation. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant in part and deny in part Plaintiff's Motion.

**I. RELEVANT PROCEDURAL HISTORY**

Plaintiff Felita Thomas, acting on behalf of the Estate of Matthew Thomas, initiated this action on July 1, 2024. ECF No. 1. Plaintiff filed the operative Second Amended Complaint on September 22, 2025, alleging state law wrongful death claims and federal constitutional violations pursuant to 42 U.S.C. § 1983 against Defendants Pamunkey Regional Jail Authority, James C. Willett, Matthew Philpott, Eugene Emelianov, Bidemi Adesina, and Richard Hagen (collectively the "Correctional Defendants"), as well as Jennifer Taylor, Yolanda Vines, John Beaver, CBH Medical of Virginia LLC, and Dr. Shridhar Bhat (the "Medical Defendants"), and John Does 1–10. SAC, ECF No. 85. After Defendants answered Plaintiff's Second Amended Complaint and

the Court issued its Scheduling Order, the parties filed cross Motions for Summary Judgment, ECF Nos. 119, 121, 125, and *Daubert* Motions, ECF Nos. 129, 131, 133, 169, 171. On September 4, 2026, the Court stayed all remaining deadlines pending resolution of the pending motions. ECF No. 168.

On September 10, 2026, Plaintiff filed a Motion for Rule 37(e) Curative Measures and Sanctions for Failure to Preserve Surveillance Footage ("Motion for Sanctions"). ECF No. 173. On September 24, 2026, the Correctional Defendants filed their Response in Opposition. ECF No. 179. On September 30, 2026, Plaintiff filed her Reply to the Correctional Defendants' Response in Opposition ("Reply"). ECF No. 184. Thus, Plaintiff's Motion for Sanctions is ripe for review.

## II. BACKGROUND

Plaintiff's Motion for Sanctions "concerns approximately fifty-four hours and thirty-three minutes of unaccounted pre-death surveillance footage from the detention of Matthew Rondell Thomas." Mem. Supp. 1, ECF No. 174. Matthew Thomas entered Pamunkey Regional Jail on July 17, 2022, and died there on July 20, 2022. *Id*. at 2.

On August 22, 2022, thirty-two days after Mr. Thomas's death, Plaintiff's former counsel sent Pamunkey Regional Jail Authority ("PRJA") a Freedom of Information Act ("FOIA") request and preservation letter demanding that all evidence relating to Mr. Thomas's incarceration, including relevant video surveillance footage, be produced and preserved. *Id*. at 2–3 (citing Ex. 5, ECF No. 174-5 (hereinafter, "FOIA Request")). On August 24, 2022, PRJA acknowledged receipt of this request. *Id*. at 3 (citing Ex. 6, ECF No. 174-6 (hereinafter, "Aug. 24, 2022 Hopkins Response")). Later, in response to Plaintiff's Interrogatory No. 15, PRJA stated that there is video recording equipment in the intake unit, medical unit, and Housing Unit B, and that its surveillance footage automatically overwrites after approximately forty to forty-five days if not manually preserved. *Id*. (citing Ex. 2, ECF No. 174-2 (PRJA Original Answers, Interrog. No. 15)).

However, in that same response, PRJA only provided video footage from the medical unit between 11:00 P.M. on July 19, 2022, and 6:00 A.M. on July 20, 2022. *Id*. Plaintiff states that PRJA has repeatedly claimed that no other video recordings exist of Mr. Thomas during his detention. *Id*.

## III. LEGAL STANDARD

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). "Courts have broad discretion when deciding whether to impose spoliation sanctions." *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 104 (E.D. Va. 2018) (citing *Turner v. U.S.*, 736 F.3d 274, 281 (4th Cir. 2013)). The Court's power to impose spoliation sanctions is based on Federal Rule of Civil Procedure 37(e) and the Court's "inherent power to redress conduct which abuses the judicial process." *Id*. (cleaned up). "Spoliation must involve more than the 'negligent loss or destruction of evidence,' as 'the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction.'" *Id*. (quoting *Turner*, 736 F.3d at 282).

Federal Rule of Civil Procedure 37(e) concerns the failure to preserve electronically stored information ("ESI"). This rule provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37. "[A] movant must satisfy four threshold requirements before a court decides if any spoliation sanction is appropriate: (1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery." *Steves & Sons, Inc.* 327 F.R.D. at 104. The intent of the spoliator and the severity of the sanctions are the key differences between Rule 37(e)(1) and (2). *See Wall v. Rasnick*, 42 F.4th 214, 222–23 (4th Cir. 2022) (noting that "only a finding of prejudice is required for such not-greater-than-necessary sanctions. But where the spoliator 'acted with intent to deprive,'" more severe sanctions are available (quoting Fed. R. Civ. P. 37(e))).

## IV. ANALYSIS

Plaintiff argues that, at minimum, she is entitled to relief under Rule 37(e)(1), but should the Court agree that Defendant PRJA acted with intent to deprive Plaintiff of the relevant ESI, the Court should provide Plaintiff relief under Rule 37(e)(2).

### A. Timeliness of Spoliation Filing

Before discussing the merits of Plaintiff's Motion for Sanctions, the Court will address Defendant PRJA's argument that the timing of Plaintiff's Motion for Sanctions is troublesome. Defendant contends that Plaintiff's decision to wait until after the close of discovery to raise the spoliation motion weighs heavily against the relief she now seeks, and that the spoliation motion should have been filed as soon as reasonably possible after discovery of the facts underlying the motion. Resp. Opp'n 8, ECF No. 179. Plaintiff replies that she filed several discovery requests related to the video footage and required leave of Court to submit her Motion for Sanctions as the Court had stayed the matter. Reply 8, ECF No. 184.

The Court finds that Plaintiff's motion is timely. Rule 37 itself does not contain any specific timing requirement for spoliation motions. *GMS Indus. Supply, Inc. v. G&S Supply, LLC*,

2022 WL 853626, at *4 (E.D. Va. Mar. 22, 2022) (citing *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 506 (4th Cir. 2009)). Rather, courts consider several factors when determining the timeliness of a spoliation motion, including "how long after the close of discovery the relevant spoliation motion has been made; the temporal proximity between a spoliation motion and motions for summary judgment;" whether the motion was made on the eve of trial; "whether there was any governing deadline for filing spoliation motions in the scheduling order issued pursuant to Federal Rule 16(b) or by local rule;" and the moving party's explanation. *Id*. (quoting *Goodman*, 632 F. Supp. 2d at 506–08).

Considering these factors, the Court finds that the motion is timely. While discovery had closed and the motion was filed after the dispositive motions deadline, the Court had cancelled the trial and stayed the remaining deadlines.[1] Furthermore, the relief sought by Plaintiff in her Motion for Sanctions would not require reopening discovery or delay resolution of the pending cross motions for summary judgment. *See Goodman*, 632 F. Supp. 2d at 509. Accordingly, the Court finds Plaintiff's Motion for Sanctions is timely.

**B. Plaintiff Has Satisfied Rule 37(e)'s Threshold Requirements**

"[A] movant must satisfy four threshold requirements before a court decides if any spoliation sanction is appropriate: (1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery." *Steves & Sons, Inc.*, 327 F.R.D. at 104. The Court finds that Plaintiff has done so.

[1] Plaintiff filed a motion for leave on July 31, 2026, seeking to file the Motion for Sanctions, which the Court granted on September 4, 2026. ECF No. 168. The Court notes that its Memorandum Order dated September 4, 2026, stayed the remaining pretrial deadlines, but did not otherwise put a moratorium on further filings. Regardless, the Court does not put much weight into Plaintiff's argument that this motion was somehow timely solely because he sought leave of court.

As an initial matter, the Court finds that Rule 37(e) applies since Plaintiff's Motion for Sanctions involves ESI, specifically the video surveillance footage at Pamunkey Regional Jail within the intake unit, medical unit, and Housing Unit B, and Defendant PRJA admitted these locations were equipped with video recording equipment. Mem. Supp. 13, ECF No. 174 (citing Ex. 2, ECF No. 174-2 (PRJA's Answers to Interrogs.)).

1. Defendant PRJA Should Have Preserved the ESI

"'Generally, it is the filing of a lawsuit that triggers the duty to preserve evidence.' However, that duty 'arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.'" *Steves & Sons, Inc.*, 327 F.R.D. at 106 (E.D. Va. 2018) (quoting *Turner*, 736 F.3d at 282). Courts in the Fourth Circuit have found that receiving, *inter alia*, a demand letter or request to preserve evidence triggers the duty to preserve evidence. *Id.*

Plaintiff sent Defendant PRJA a demand letter on August 22, 2022, triggering PRJA's duty to preserve the video footage, and this letter was sent and received within PRJA's forty day overwrite window. Mem. Supp. 14 (citing FOIA Req.). Defendant PRJA acknowledges that it received such letter. Resp. Opp'n 4, ECF No. 179; *see also* Aug. 24, 2022 Hopkins Response. Accordingly, the Court finds that Defendant PRJA should have preserved the ESI, and its duty to do so began by at least August 22, 2022, when it received Plaintiff's demand letter.

2. ESI Was Lost

"Information is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians." *Steves & Sons, Inc.*, 327 F.R.D. at 107. Plaintiff argues that the video footage of Mr. Thomas's entire incarceration, other than the seven-hour window provided by Defendant PRJA, has been lost since PRJA chose not to preserve it. Mem. Supp. 14. Defendant PRJA admits that the video from the seven-hour period of time Mr. Thomas was in the medical

unit is the only footage it chose to preserve. Resp. Opp'n 4. Plaintiff made multiple requests for Defendant PRJA to produce the ESI at issue, including that PRJA provide all hard drives and electronic storage devices used in its surveillance system, but Defendant PRJA maintained that the only available video recordings were the ones it already produced. Mem. Supp. 11. Accordingly, the Court finds that Plaintiff has made the threshold showing that, here, the ESI was lost.

3. <u>The Loss Was Due to Defendant PRJA's Failure to Take Reasonable Steps to Preserve</u>

"The duty to preserve is not meant to impose an unreasonable burden on parties anticipating litigation; they need not preserve. . . every backup tape. However, a party generally must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *Steves & Sons, Inc.*, 327 F.R.D. at 108 (cleaned up). It is not disputed that Defendant PRJA failed to preserve the video footage of Mr. Thomas's entire incarceration, as requested in Plaintiff's August 22, 2022 demand letter. *See supra* Sections IV.A.1 & 2. Accordingly, Plaintiff has satisfied this part of the Rule 37(e) showing.

4. <u>The ESI Cannot be Restored or Replaced Through Additional Discovery</u>

"If the lost ESI cannot be restored or replaced by additional discovery, then the inquiry turns to the appropriate sanctions under the subsequent provisions of Rule 37(e); if it can, then the Court should direct the parties to pursue such discovery." *Steves & Sons, Inc.*, 327 F.R.D. at 109. This factor does not require that the moving party "pursue every possible avenue for replacing or restoring the ESI, but it must show that it made some good-faith attempt to explore its alternatives before pursuing spoliation sanctions." *Id.*

Plaintiff argues that she attempted all reasonable avenues to respace or restore the videos by requesting the relevant hard drives and storage devices, but such requests were not met by Defendant PRJA or otherwise did not result in replacing the lost video footage. Mem. Supp. 15. Defendant PRJA contends, *inter alia*, that Plaintiff cannot satisfy this threshold requirement

because Plaintiff has not deposed certain witnesses, including Michael Storr, whose testimony may serve to replace the evidence contained in the lost ESI. Resp. Opp'n 5–7.

Defendant PRJA's arguments are unmoving. While witness testimony may be used to satisfy otherwise lost ESI in certain instances, given that there are fifty hours of missing ESI, including footage from several areas of the jail, witness testimony accounting for only a small portion of this time is unlikely to adequately replace what is missing here. *See, e.g.*, *Paul v. W. Express, Inc.*, 2023 WL 2620278, at *6 (W.D. Va. Mar. 23, 2023) (noting that the plaintiff's ability to obtain only pieces of the requested evidence, rather than the complete record, was insufficient to establish that the evidence was restored or replaced). Here, Plaintiff has made good-faith efforts to replace or restore the missing ESI by making repeated, albeit unsuccessful, requests for Defendant PRJA to provide Plaintiff with anything that may help her recover the missing footage. *See id*. (noting a distinction between a moving party sending discovery requests and attempting to engage in forensic analysis versus a moving party who made no attempts to directly retrieve the lost ESI). Accordingly, Plaintiff has satisfied the final Rule 37(e) threshold requirement.

**C. Sanctions Under Rule 37(e)(1) and (2)**

Having determined that Plaintiff has satisfied Rule 37(e)'s threshold requirements, the Court now discusses "whether the movant has established one of two options that would permit imposing sanctions." *GMS Indus. Supply, Inc.*, 2022 WL 853626, at *6 (cleaned up). The difference between Rule 37(e)'s two sanctions options is that Rule 37(e)(1) requires "finding prejudice to another party from loss of the information," while imposing the more severe sanctions pursuant to Rule 37(e)(2) requires "finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e).

1. Prejudice

Under Rule 37(e)(1), the prejudice analysis involves considering the importance of the ESI in the litigation and whether the movant "'cannot present evidence essential to [her] underlying claim,' such that [her] 'ability to present [her] case is compromised.'" *Steves & Sons, Inc.*, 327 F.R.D at 110 (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 532 (D. Md. Sep. 9, 2010)).

Plaintiff argues she has been prejudiced "because the missing footage would have been neutral visual evidence of disputed issues that Defendants have put directly at issue," including, *inter alia*, whether Mr. Thomas appeared distressed, whether he was walking or moving normally, and whether correctional officers used force. Mem. Supp. 15. Defendant PRJA argues that Plaintiff's failure to depose witnesses and forgoing other discovery forecloses a finding of prejudice. Resp. Opp'n 8.

The Court agrees with Plaintiff. As discussed previously, deposing Mr. Storrs may have filled in *some* of the gaps left by the lost ESI, but the fact remains that the missing video footage has prejudiced Plaintiff. There are several material disputes in this matter, including, *inter alia*, whether Mr. Thomas requested medical assistance or whether he made suicidal comments, whether corrections officers used force to move Mr. Thomas, whether Mr. Thomas was inactive or moving freely prior to his death, and whether correctional and medical personnel's written notes and logs accurately described Mr. Thomas's conditions and actions prior to his death. As Plaintiff notes, the more than fifty missing hours of video footage would be the best evidence to address some, if not all, of these disputes. Mem. Supp. 15–16; *see also Shaw v. Foreman*, 59 F.4th 121, 129–30 (4th Cir. 2023) (discussing the importance of video evidence in resolving the plaintiff's claims related to alleged constitutional violations he faced while incarcerated, albeit in a summary judgment context).

Accordingly, the Court finds that the loss of ESI has prejudiced Plaintiff, entitling her to relief under Rule 37(e)(1).

2. Intent to Deprive

Regarding relief under Rule 37(e)(2), "[t]his subdivision authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party that lost the information acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e) advisory committee's note. "[A] party's conscious dereliction of a known duty to preserve electronic data—whether passive or active—is both necessary and sufficient to find that the party acted with the intent to deprive another party of the information's use under Rule 37(e)(2)." *GMS Indus. Supply, Inc.*, 2022 WL 853626, at *7 (cleaned up).

"The burden of proof is on the party seeking sanctions, and the standard of proof in the Fourth Circuit appears to be 'clear and convincing' evidence where, as here, relatively harsh sanctions are sought." *Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 773 (D. Md. 2023).[2] "[A] court 'has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives . . . and other factors.'" *Id.* (quoting *Ungar v. City of N.Y.*, 329 F.R.D. 8, 13 (E.D.N.Y 2018)).

Plaintiff argues that the Court can find that Defendant PRJA acted with the necessary intent for Rule 37(e)(2) sanctions because even after receiving Plaintiff's preservation demand letter for the entire video footage during Mr. Thomas's multi-day incarceration, PRJA preserved only a narrow, seven-hour segment of video. Mem. Supp. 16. Defendant PRJA argues that "[a]t most, the record reflects that PRJA was careless in its video preservation efforts, not [that it acted in] an

---

[2] The Court notes that some courts have applied a preponderance of the evidence standard. *See, e.g.*, *Mack v. Food Lion, LLC*, 2024 WL 4023782, at *3 (E.D.N.C. Aug. 29, 2024) (citing *GMS Indus. Supply, Inc.*, 2022 WL 853262, at *3; *Steves & Sons, Inc.*, 327 F.R.D. at 104) (noting that the burden of proof is unsettled).

intentional effort to deprive Plaintiff of discoverable evidence." Resp. Opp'n 4. Specifically, Defendant PRJA argues it's "failure to appreciate the full scope of the preservation obligation is precisely the kind of negligence Rule 37(e)(2) does not reach." *Id.*

The Court finds that Plaintiff has not sufficiently proven that Defendant PRJA acted with the necessary intent to impose Rule 37(e)(2) sanctions. It is undisputed that Defendant PRJA received Plaintiff's preservation demand letter within the window of time before video footage would automatically be deleted from PRJA's surveillance system and that Plaintiff's demand letter explicitly requested any and all evidence relating to "Matthew R. Thomas's **entire incarceration**" be produced and preserved, including video surveillance. FOIA Req. (emphasis in original). It is also undisputed that Defendant PRJA took affirmative steps to preserve the seven-hour segment of video from one location but failed to preserve the remaining video despite Plaintiff's request for PRJA to retain all video footage from July 17, 2022, through July 21, 2022. Resp. Opp'n 4. Nevertheless, while the Court finds Defendant PRJA's explanation and negligence in retaining the ESI troubling, Plaintiff has not shown, by clear and convincing evidence, that Defendant PRJA acted with the purpose of hiding evidence. Importantly, the Court notes that "the intent standard is both stringent and specific: the intent contemplated by Rule 37[(e)(2)] is not merely that the intent to perform an act that destroys ESI but rather the intent to actually deprive another party of evidence." *Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 66 (S.D.N.Y. 2020) (cleaned up). Plaintiff has not satisfied this standard.

Accordingly, the Court will impose sanctions pursuant to Rule 37(e)(1), only.

3. Sanctions

Having found prejudice to Plaintiff from the loss of the ESI, pursuant to Rule 37(e)(1), the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Plaintiff's requested relief includes:

(1) An order permitting Plaintiff to present evidence and argument regarding PRJA's failure to preserve surveillance footage of Mr. Thomas's July 17–20, 2022 detention;
(2) An order prohibiting PRJA and the jail defendants from arguing that the absence of missing footage supports their version of events;
(3) An order prohibiting PRJA from using its selective preservation of limited footage to imply that unpreserved footage was consistent with Defendants' account;
(4) A jury instruction advising that the jury may consider evidence concerning the loss of surveillance footage, together with all other evidence, in evaluating the parties' claims, defenses, and witness credibility; and
(5) Reasonable attorneys' fees and costs incurred in investigating the missing footage, pursuing discovery regarding the missing footage, meeting and conferring, and bringing this motion.

Mem. Supp. 16–17 (cleaned up). Defendant PRJA argues that Plaintiff's proposed measures exceed what is necessary to cure the prejudice and verge on imposing the more severe adverse instruction sanction pursuant to Rule 37(e)(2). Resp. Opp'n 9.

Mindful of the Court's obligation not to impose sanctions pursuant to Rule 37(e)(1) that verge on the more severe sanctions afforded pursuant to Rule 37(e)(2), plus the requirement that the remedy must be no greater than necessary to cure the prejudice, the Court will impose the following remedies: (1) Plaintiff shall be permitted to present evidence and argument regarding Defendant PRJA's failure to preserve surveillance footage encompassing the entirety of Mr. Thomas's detention; (2) Defendant PRJA[3] shall be prohibited from arguing that the absence of missing footage supports its version of events, including that any such footage would have shown no excessive force, no earlier distress, no missed checks, no inaccurate logs, no requests for medical care, or no medical distress; (3) Defendant PRJA[4] shall be prohibited from arguing that its decision to preserve limited footage implies that the unpreserved footage was consistent with

[3] While Plaintiff brings the Motion for Sanctions against Defendant PRJA only, to the extent that the remaining Defendants would pursue similar arguments that the missing video footage somehow supports their version of events, that will also be prohibited. In its discretion, the Court finds that Plaintiff's prejudice would not be adequately addressed if the other Defendants in this matter could make such arguments while only Defendant PRJA was prohibited from doing so.

[4] The remaining Defendants shall also be prohibited from making such arguments. *See supra* note 3.

Defendant PRJA's version of events or that the footage was otherwise unimportant; and (4) the Court will give the following jury instruction:

> You are instructed that some electronically stored video footage was not preserved by Defendant PRJA, despite a duty to do so. You should not speculate as to what that video footage might have shown, or which party or parties it might have supported. Rather, you should consider all the evidence and testimony in the case in determining whether the parties have or have not met their respective burdens.

Additionally, the Court will order Defendant PRJA to reimburse Plaintiff for the reasonable attorneys' fees and costs associated in bringing the Motion for Sanctions.

## V. CONCLUSION

For the reasons detailed above, Plaintiff's Motion for Sanctions will be granted in part and denied in part, and the Court will afford Plaintiff remedies pursuant to Rule 37(e)(1).

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 23, 2026
Richmond, Virginia